Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an opinion on the following question:
 DOES THE DEPARTMENT OF REVENUE, UNDER THE PROVISIONS OF s 212.03, F.S., HAVE THE AUTHORITY TO IMPOSE AND COLLECT THE TRANSIENT RENTALS TAX ON RENTAL PAYMENTS RECEIVED BY THE OWNER OR LESSOR OF ANY OF THE FACILITIES ENUMERATED IN s 212.03(4), F.S., FOR RENTAL PERIODS OF LESS THAN SIX MONTHS?
Section 212.03(4), F.S. 1977, in pertinent part provided that the tax levied by s 212.03 `shall not apply to, be imposed upon, or collected from any person who shall reside continuously longer than 12 months at any one hotel, apartment house, roominghouse, tourist or trailer camp, and shall have paid the tax levied by this section for 12 months of residence . . . .' (e.s.) Chapter 79-359, Laws of Florida, among other things, amended s 212.03, F.S. 1977, the title of the Act declaring the legislative purpose in amending s 212.03 to be: ` including condominiums as taxablefacilities with respect to the sales tax on transient rentals; decreasing from 12 months to 6 months the duration forwhich tax is levied on a continuous resident, and providing that any individual signing a written lease for 6 months or longershall be exempt from taxation . . . .' (e.s.)
Section 212.03(4), F.S., as amended, in pertinent part now provides:
 The tax levied by this section shall not apply to, be imposed upon, or collected from any person who shall have entered into a bona fide written lease for longer than 6 months in duration for continuous residence at any one hotel, apartment house, roominghouse, tourist or trailer camp, or condominium, or to any person who shall reside continuously longer than 6 months at any one hotel, apartment house, roominghouse, tourist or trailer camp, or condominium and shall have paid the tax levied by this section for 6 months of residence in any one hotel, roominghouse, apartment house, tourist or trailer camp, or condominium. . . . Further, any person who, on the effective date of this act, has resided continuously for 6 months at any one hotel, apartment house, roominghouse, tourist or trailer camp, or condominium, or, if less than 6 months, has paid the tax imposed herein until he shall have resided continuously for 6 months, shall thereafter be exempt, so long as such person shall continuously reside at such location. . . . (e.s.)
Section 212.03(7)(a), F.S. 1977, and s 212.03(7)(a), F.S. 1981, in part, both provide that the tax levied by s 212.03 shall not apply to or be imposed upon or collected on the basis of rentals to any person who resides in any building or group of buildings intended primarily for lease or rent to persons as their permanent or principal place of residence. Subsection (7)(b) of s 212.03, F.S. 1977 and 1981, declares the legislative intent of subsection (7) to be to `provide tax relief for persons who rent living accommodations rather than own their homes, while still providing a tax on the rental of lodging facilities that primarily serve transient guests.' Section 212.03(7)(c), F.S., as amended, provides:
 The rental of facilities, including trailer lots, which are intended primarily for rental as a principal or permanent place of residence is exempt from the tax imposed by this chapter. The rental of facilities that primarily serve transient guests is not exempt by this subsection. In the application of this law, or in making any determination against the exemption, the department shall consider and be guided by, among other things:
 1. Whether or not a facility caters primarily to the traveling public;
 2. Whether less than half of the total rental units available are occupied by tenants who have a continuous residence in excess of 3 months; and
 3. The nature of the advertising of the facility involved. (e.s.)
Only those persons and transactions described and designated in subsections (4) and (7) of s 212.03, F.S., are excepted or exempted from the tax imposed by Chapter 212, F.S. Therefore, all persons and transactions not so excepted or exempted from such tax are subject to the transient rentals tax. Accordingly, all rentals of any of the facilities enumerated in s 212.03(4), F.S., for periods of six months or less, are subject to the transient rentals tax unless specifically excepted or exempted. The only exceptions or exemptions provided for in the statutes are those found in s 212.03(4) and s 212.03(7). Under s 212.03(4), the tax levied by s 212.03 does not apply to and is not imposed upon any person who has entered into a bona fide written lease for longer than six months in duration for continuous residence at any one of the enumerated facilities or who has resided continuously longer than six months at any one of such facilities and shall have paid the tax levied by s 212.03. Section 212.03(7)(a), inter alia, excepts from the tax any person who resides in any building or group of buildings intended primarily for lease or rent to persons as their permanent or principal place of residence, and subsection (7)(c) exempts from the tax the rental of facilities which are intended primarily for rental as a principal or permanent place of residence. Other particular exceptions or exemptions are provided for by subsection (7)(a) and (e). All other rentals for periods of six months or less, which are not excepted or exempted from the tax by s 212.03(4) or s 212.03(7) are subject to the transient rentals tax.
In summary, rentals of any of the facilities enumerated in s212.03(4), F.S., for periods of six months or less, are subject to the transient rentals tax levied by s 212.03, F.S., unless specifically excepted or exempted from the tax by s 212.03(4), F.S., or s 212.03(7), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Thomas L. Barnhart, Assistant Attorney General